WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Marc Delany,<br><br>           Plaintiff,<br><br>      v.<br><br>U.S. Forest Service, et al.,<br><br>           Defendants. | CIV 04-2352 PCT VAM<br><br>O R D E R |

   Plaintiff filed this action under the Administrative Procedures Act seeking review of a Forest Service decision closing a Forest Service road.  (Doc. 1).  The subject dirt road is located within the Prescott National Forest and in the vicinity of plaintiff's private property.  Plaintiff has a long history of administrative proceedings and litigation with the U.S. Forest Service over closure of the road to routine use.  Plaintiff filed this Administrative Procedures Act lawsuit on October 29, 2004.  (Doc. 1).  Defendants filed their Answer on April 15, 2005.  (Doc. 3).  The parties consented to proceed before a Magistrate Judge and the case was reassigned.  (Doc. 12).  A status hearing was held and deadlines were set for the filing of the administrative record.  (Docs. 15, 16).  During the status hearing, the parties discussed the possibility of a mediation involving a Magistrate Judge but the Government made it clear there were many homeowners

in addition to plaintiff who would be affected by a settlement. Therefore, any settlement would require participation of all potentially affected parties.

On December 30, 2005, defendants filed the administrative record. (Doc. 17). On January 31, 2006, plaintiff filed a Motion to Supplement the administrative record. (Doc. 22). Defendants have opposed the Motion to Supplement. (Doc. 26).

Also pending before the Court are plaintiff's Motion for Preliminary Injunction (Doc. 21) and Motion for Court Supervised Mediation (Doc. 18). The Government opposes both Motions.

In plaintiff's Motion for Court Supervised Mediation, plaintiff indicates he is willing to participate in a mediation and he will do his best to obtain the participation of other private homeowners in the area who the Court feels are necessary to the mediation.[1] (Doc. 18). The Government's opposition rightly points out that the Motion does not indicate who would be willing to participate. It appears that plaintiff has attempted to garner support for a mediation but there is no indication that others will in fact participate. As a result, the Motion for Court Supervised Mediation will be denied without prejudice. As the Court previously indicated, all potentially affected homeowners would have to participate in the mediation for it to have any chance of success. If, in the future, plaintiff is able to obtain the commitment by all potentially affected persons to

---

[1] The Court does not know who the necessary parties might be and plaintiff and the defendant would be in a much better position to advise the Court on this matter.

participate, the Court will reconsider the Motion.

In plaintiff's Motion for Preliminary Injunction, he asks the Court to enter an injunction that would allow plaintiff and homeowners in the area to use the section of Forest Service Trail/Road which is the subject of this litigation.  He argues there is extreme fire danger in the area and the road will be needed for firefighting.  He states there have been three major fires in the area since the Prescott National Forest closed the road in 2001.  He argues that opening the road to general usage would benefit the Lone Star/Mohawk Property Owners Association members and that such use would cause little harm as "Trail 67," the closed segment, is open to travel except for 281 feet. Plaintiff states this closure affects him on a daily basis and the Forest Service had no justification for closure.  Plaintiff requests ". . .the decision be set aside immediately, and that PNF enjoined from enforcing prohibition of motorized use until a final determination by the Court in this matter."  (Doc. 21 at p. 2). Defendants oppose the Motion arguing that plaintiff has not carried his burden of showing the need for and right to injunctive relief.  Defendants argue that preliminary injunctive relief is to preserve the status quo rather than litigate the merits on a preliminary basis.  <u>Textile Unlimited, Inc. v. A.BMH & Company, Inc.</u>, 240 F.3d 781, 786 (9th Cir. 2001).

As plaintiff concedes, the trail has been closed to motorized traffic since 2001.  This is supported by the administrative record as well.  As the Government also points out, the use of Trail 67 for firefighting purposes is an excepted use under the

3

1  Prescott National Forest order closing the trail.  The Walker Fire
2  Department has a special use permit for emergency conditions.  AR
3  No. 219.
4      The purpose of a preliminary injunction is to preserve the
5  status quo among the parties pending the outcome of the action.
6  Regents of the University of California v. A.B.C., Inc., 747 F.2d
7  511, 514 (9th Cir. 1984).  "To obtain a preliminary injunction, a
8  party must show either (1) a likelihood of success on the merits
9  and the possibility of irreparable injury, or (2) the existence of
10 serious questions going to the merits and the balance of hardships
11 tipping in movant's favor."  Diamontiney v. Borg, 918 F.2d 793,
12 795 (9th Cir. 1990).  The two requirements must be considered on a
13 sliding scale.  Id.  The movant is required to demonstrate a
14 significant threat of irreparable injury under either formulation.
15 See AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410
16 (9th Cir. 1991).  A preliminary injunction is an extraordinary and
17 drastic remedy and will not be granted absent a clear showing of
18 likely success in the underlying claim and possible irreparable
19 injury.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In
20 addition, the party seeking the injunction "must necessarily
21 establish a relationship between the injury claimed in the motion
22 and the conduct asserted in the complaint."  Devose v. Herrington,
23 42 F.3d 470, 471 (8th Cir. 1994).  In other words, a plaintiff
24 must seek injunctive relief related to the merits of his
25 underlying claim.
26     In this case, plaintiff seeks injunctive relief to alter the
27 status quo.  Presently, and since 2001, Trail 67 has been closed

4

to motorized traffic.  Since that time, the road has been available for emergency use such as firefighting.  Plaintiff seeks an injunction opening the road to motorized use.  This would alter the status quo since 2001.  Plaintiff's articulated threat of injury is fire damage.  However, the road is open and available for use for firefighting.  Plaintiff indicates the road is not maintained unless it is used regularly.  However, this is unclear to the Court.  Since granting an injunction would alter the status quo, plaintiff has not shown a likelihood of success on the merits and plaintiff's argument for irreparable injury does not appear to be supported by the record (as Trail 67 is available for firefighting use.)   Plaintiff's Motion for Temporary Injunction is denied.

    Finally, plaintiff has filed a Motion to Supplement the administrative record.  Plaintiff's Motion indicates he believes an additional 32 documents should be in the administrative record and included for consideration by the Court.  He states he has included copies of these where possible.  However, he indicates that some of the essential records have been destroyed and/or could not be located by the Prescott National Forest.  The defendants oppose plaintiff's Motion to Supplement the administrative record arguing that plaintiff has the burden of demonstrating it is necessary to admit extra record material and showing that the administrative record in the case is deficient. Defendants cite <u>Animal Defense Council v. Hodel</u>, 840 F.2d 1432, 1436-38 (9th Cir. 1988).  Defendants argue that the exceptions to the rule precluding review of extra record materials is extremely

narrow and plaintiff has failed to demonstrate what exception applies and carry his burden.  Finally, defendants argue that some of plaintiff's documents are post decision (for example No. 32), Congressional correspondence (11 and 29), some of the items are already in the administrative record (Nos. 3, 15, 19, 22, 27 and 31), and the remaining documents are irrelevant or already covered by the record submitted by the agency (Nos. 5, 8, 10, 13, 23, 24 and 28).  (Doc. 26).

Proceedings under the Administrative Procedures Act, 5 U.S.C. § 702, et seq. for review of agency action involve a review of an administrative record.  The scope of review is set forth in 5 U.S.C. § 706 as a review of ". . .the whole record or those parts of it cited by a party. . ."  The Court may set aside agency action if it is "arbitrary, capricious, an abuse of discretion. . ."  5 U.S.C. § 706(2).

"Review of agency action is limited to the record considered and relied upon by the agency at the time a decision is made."  Wilderness Society v. Dombeck, 168 F.3d 367, 377 (9th Cir. 1999) (citing National Wildlife Federation v. Burford, 871 F.2d 849, 855 (9th Cir. 1989)).  The United States Forest Service has filed the administrative record (Vols. I - III) indicating these are the documents that were considered and form the basis for its decision.  (Doc. 17).  Generally, review is limited to this record.  Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988).  In Southwest Center v. U.S. Forest Service, 100 F.3d 1443, 1450 (9th Cir. 1996), the Court stated:

. . .Review may, however, be expanded beyond the record

6

if necessary to explain agency decisions. <u>Animal Defense Council v. Hodel</u>, 840 F.2d 1432, 1436 (9th Cir. 1988). This circuit has only allowed extra-record materials:

(1) if necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter."

Plaintiff's Motion to Supplement the administrative record merely states that plaintiff believes certain documents should be part of the administrative record and asks that they be included. The basis for asking they be included in the administrative record is limited to the following statement:

> Some essential records of the 1989 RA/TM (Resource Access and Travel Management) have been reported destroyed and/or could not be located by the Prescott National Forest (PNF) [Administrative Record Item Tab 16 P-2 of 2 Mid Page "No documentation of RATM decision to change TR 67 from motorized. . .can't find it!"]. The plaintiff feels these include (necessarily by reference only). . .

(Doc. 22 at p. 1).

Plaintiff then lists 32 categories of documents he wishes to be included in the administrative record. In short, plaintiff's Motion to Supplement is based on his feeling that these additional 32 categories of documents must have been before the Forest Service at the time of its decision and must have been part of the decision-making process. He states he feels this because he has been told that documents were destroyed or cannot be located. However, there is no showing the 32 categories of documents plaintiff seeks included are the records reported destroyed or that could not be located. As pointed out by the Government, many of his documents are already in the record and some post-date the decision which is before the Court. Obviously, plaintiff has

7

1  failed to make a showing that these documents were before the
2  agency and were part of the decision-making process.  He has also
3  failed to show they fall in one of the other categories that would
4  allow their inclusion in the administrative record.

5  Defendant has agreed the record may be supplemented by
6  plaintiff's Item No. 14.  (Doc. 26 at footnote 3).  Therefore,
7  plaintiff's Item No. 14 will be added to the administrative
8  record.

9  **IT IS THEREFORE ORDERED** denying plaintiff's Motion to
10 Supplement the administrative record except as to plaintiff's Item
11 No. 14 which will be included.  (Doc. 22).

12 **IT IS FURTHER ORDERED** denying without prejudice plaintiff's
13 Motion for Court Supervised Mediation.  (Doc. 18).

14 **IT IS FURTHER ORDERED** denying plaintiff's Motion for
15 Preliminary Injunction.  (Doc. 21).

16 DATED this 10th day of May, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge