WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Marc Delany,                        )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   CIV 04-2352 PCT VAM
                                    )
U.S. Forest Service, et al.,        )   O R D E R
                                    )
                     Defendants.    )
_____     )

On July 6, 2006, defendants filed a Motion to Dismiss arguing that plaintiff failed to pay costs of $203.30 taxed in a related case and, therefore, this case should be dismissed.  (Docs. 30, 31).  Plaintiff responded by saying he could find no deadline for paying the costs taxed in the related case.  (Doc. 32).  Subsequently, plaintiff filed an "Answer to Defendants' Reply to Plaintiff's Response to Motion to Dismiss."  (Doc. 37).  Attached to the Answer was a copy of a Postal Money Order in the amount of $204.00 made payable to the U.S. Treasury.  The amount of the costs will be paid to the United States by the Clerk's Office.  Therefore, the Motion to Dismiss is moot.

On July 14, 2006, plaintiff filed a "Motion-Revised Request for Court Supervised Mediation."  (Doc. 33).  Defendants filed an opposition pointing out that they wish to pursue the matter via the lawsuit, not mediation.  (Doc. 35).  The defendants believe a

1    resolution through mediation is not possible.  Therefore, the

2    Court will deny the Motion for a Court Supervised Mediation.

3        On October 2, 2006, plaintiff filed a "Memorandum in Support

4    of Plaintiff's Cross Motion for Summary Judgment."  (Doc. 41).

5    Attached to the Memorandum are voluminous records listed as

6    exhibits.  On October 10, 2006, plaintiff filed a "Response to

7    Defendants' Motion for Summary Judgment."  (Doc. 47).  Attached to

8    the Response are four declarations: two by plaintiff and two by

9    Barbara Villere.  It also appears that there are numerous exhibits

10   referenced in the Response to the Motion for Summary Judgment.

11   Defendant moved to strike these documents.  (Docs. 43, 50).

12       This is a review of the Administrative Record under the

13   Administrative Procedures Act.  The Administrative Record has been

14   compiled and the Court, plaintiff and defendants have a copy of

15   the Administrative Record.  The only thing the Court can reference

16   in making its decision is the Administrative Record.  When

17   defendants filed their Motion for Summary Judgment, their

18   Statement of Facts references the Administrative Record.  This is

19   the proper way to file a motion for summary judgment or opposition

20   to a motion for summary judgment in an Administrative Procedures

21   Act case - by only citing to the Administrative Record.

22       Plaintiff's Response to defendants' Motion for Summary

23   Judgment and plaintiff's Cross Motion for Summary Judgment exceed

24   the page limit allowed on LRCiv 7.2(e).[1]  That is, plaintiff may

25   ────────────

26   [1]Plaintiff is advised that a party may combine the opposition
     to a motion for summary judgment and cross motion for summary
     judgment into one document and use the same statement of facts to
27   support both.  This conserves times and expense for the parties and

28                                    2

file seventeen (17) pages in response to a motion for summary
judgment or in support of a motion for summary judgment.  Both of
the filings submitted by plaintiff are 29 pages in length.  They
are confusing, rambling and repetitive.  The Response to
defendants' Motion for Summary Judgment (Docs. 47 and 48) and
plaintiff's Cross Motion for Summary Judgment (Docs. 41 and 42)
will be stricken from the record.  These documents are too lengthy
and are confusing.  Plaintiff will be required to redo his
opposition to defendants' Motion for Summary Judgment and, if he
chooses to file one, his Cross Motion for Summary Judgment keeping
the memorandum in support to no more than 17-pages.  In addition,
plaintiff may not cite to attachments or add exhibits to his
opposition to defendants' Motion for Summary Judgment and Cross
Motion for Summary Judgment.  Plaintiff is only allowed to cite to
the Administrative Record in support of his Motion for Summary
Judgment and opposition to defendants' Motion for Summary
Judgment.  If plaintiff files any pages over 17 and his statement
of facts references anything other than the Administrative Record,
they will be stricken and the Court will decide defendants' Motion
for Summary Judgment without benefit of plaintiff's input.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT***[2]

The defendants' Motion for Summary Judgment seeks to have

---

the Court.  However, if plaintiff chooses to combine his opposition
and cross motion, the memorandum in support may not exceed 17
pages.

[2]Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

1   your case dismissed.  A motion for summary judgment under Rule 56

2   of the Federal Rules of Civil Procedure will, if granted, end your

3   case.

4        Rule 56 tells you what you must do in order to oppose a

5   motion for summary judgment.  Generally, summary judgment must be

6   granted when there is no genuine issue of material fact--that is,

7   if there is no real dispute about any fact that would affect the

8   result of your case, the party who asked for summary judgment is

9   entitled to judgment as a matter of law, which will end your case.

10  When a party you are suing makes a motion for summary judgment

11  that is properly supported by the Administrative Record, you

12  cannot simply rely on what your complaint says.  Instead, you must

13  set out specific facts supported by the Administrative Record that

14  contradict the facts shown in the defendants' statement of facts

15  and show that there is a genuine issue of material fact precluding

16  summary judgment.  If you do not file an opposition to the summary

17  judgment, if appropriate, the Court may rule against you. If

18  summary judgment is granted, your case will be ended and judgment

19  entered for defendants.

20       LRCiv 56.1 of the Rules of Practice of the United States

21  District Court for the District of Arizona also requires, in

22  addition, that you include as a part of your opposition to a

23  motion for summary judgment a separate statement of facts in

24  opposition to the motion for summary judgment.

25            (a)  Any party filing a motion for summary judgment shall
             set forth separately from the memorandum of law, and in
26           full, the specific facts on which that party relies in
             support of the motion.  The specific facts shall be set
27           forth in serial fashion and not in narrative form.  As to

28                                      4

each fact, the statement shall refer to a specific portion of the record where the fact may be found (i.e., affidavit, deposition, etc.).[3]  Any party opposing a motion for summary judgment must comply with the foregoing in setting forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party.  In the alternative, the movant and the party opposing the motion shall jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts if the parties agree there is no genuine issue of any material fact.  As to any stipulated facts, the parties so stipulating may state
that their stipulations are entered into only for the purposes of the motion for summary judgment and are not intended to be otherwise binding.

Additional provisions of LRCiv 7.2, Rules of Practice of the United States District Court for the District of Arizona are as follows:

Subparagraph (e) of that Rule provides:

Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.  Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

Subparagraph (i) of LRCiv 7.2 provides:

If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

**It is plaintiff's obligation to timely respond to all**

---

[3]Because this is a review of the Administrative Record, plaintiff may only cite to the Administrative Record and may not attach exhibits, affidavits, etc.

1  **motions.  The failure of plaintiff to respond to defendants'**
2  **Motion for Summary Judgment may in the discretion of the Court be**
3  **deemed a consent to the granting of that Motion without further**
4  **notice, and judgment may be entered dismissing the complaint and**
5  **action with prejudice pursuant to LRCiv 7.2(i).  See Brydges v.**
6  **Lewis, 18 F.3d 651 (9th Cir. 1994) (per curiam).**

7       **IT IS THEREFORE ORDERED** denying as moot the Government's
8  Motion to Dismiss.  (Doc. 30).

9       **IT IS FURTHER ORDERED** that the Clerk of the Court shall
10 disburse the taxed costs of $203.30 made payable to the U.S.
11 Treasury, c/o U.S. Attorney's Office, Attention: AUSA Richard
12 Patrick, Two Renaissance Square, 40 N. Central, Suite 1200,
13 Phoenix, AZ 85004-4408.

14      **IT IS FURTHER ORDERED** denying plaintiff's "Motion-Revised
15 Request for Court Supervised Mediation."  (Doc. 33).

16      **IT IS FURTHER ORDERED** granting defendants' Motion to Strike
17 plaintiff's Response to defendants' Motion for Summary Judgment.
18 (Doc. 50).  Plaintiff's Response to defendants' Motion for Summary
19 Judgment and attachments are stricken.  (Docs. 47 and 48).

20      **IT IS FURTHER ORDERED** granting defendants' Motion to Strike
21 plaintiff's Cross Motion for Summary Judgment.  (Doc. 43).
22 Plaintiff's Cross Motion for Summary Judgment and all exhibits and
23 attachments will be stricken.  (Docs. 41 and 42).

24      **IT IS FURTHER ORDERED** that plaintiff shall file a new
25 opposition to defendants' Motion for Summary Judgment and, if
26 plaintiff chooses, a cross motion for summary judgment no later
27 than November 17, 2006.  The new opposition and, if plaintiff

28                                6

chooses, cross motion for summary judgment shall be no longer than 17 pages for the memorandum of points and authorities.  The statement of facts or opposing statement of facts will be separate documents and may only cite to the Administrative Record.  If plaintiff files a longer memorandum or cites to items that are not part of the Administrative Record, the new cross motion and opposition to defendants' Motion for Summary Judgment will be stricken.

DATED this 24th day of October, 2006.


_____
Virginia A. Mathis
United States Magistrate Judge

7